**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52385**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: August 10, 2026** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSEPH REYES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of seven years, for felony driving under the influence and being a persistent violator, <u>affirmed</u>; order dismissing I.C.R. 35 motion for reduction of sentence, <u>reversed</u> <u>and</u> <u>case</u> <u>remanded</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Joseph Reyes appeals from his judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of seven years, for felony driving under the influence (DUI) and being a persistent violator. Reyes also appeals from an order dismissing his I.C.R. 35 motion for reduction of sentence.[1] We affirm Reyes's judgment of conviction and sentence but reverse the order dismissing his I.C.R. 35 motion for reduction of sentence and remand the case for further proceedings with respect to that motion.

_____

[1] The district court's order denying Reyes's motion for extension of time to file and motion for correction or reduction of sentence stated that as "a result of the motion being untimely, it is DENIED."

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

An officer stopped Reyes for speeding. The officer was informed by dispatch that Reyes had a suspended driver's license and multiple previous felony DUI convictions. The officer observed that Reyes showed signs of alcohol impairment and then conducted standardized field sobriety tests. Reyes admitted to the officer that he had consumed an alcoholic beverage to "bring the pain down" after a gallbladder surgery. Reyes provided a breath sample that showed he had a breath alcohol concentration of 0.118.

The State charged Reyes with felony DUI (I.C. §§ 18-8004 and 18-8005(9)) and being a persistent violator (I.C. § 19-2514). Reyes pled guilty to the DUI and admitted to being a persistent violator. The district court imposed a unified sentence of twenty years, with a minimum period of confinement of seven years. Reyes appealed. While in prison, Reyes requested the district court reduce his sentence pursuant to I.C.R. 35. The district court denied the motion as untimely. Reyes appeals.

# II.

## STANDARD OF REVIEW

Jurisdictional questions, including whether a motion is timely filed pursuant to a court rule, is reviewed de novo. *State v. Rose*, 173 Idaho 653, 656, 546 P.3d 665, 668 (2024). Sentencing decisions are reviewed for an abuse of discretion. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

# III.

## ANALYSIS

Reyes raises two issues on appeal: (1) his sentence is excessive; and (2) the district court erred in dismissing his I.C.R. 35 motion as untimely without considering the date he delivered the motion to prison authorities for mailing, i.e., the mailbox rule. The State responds that Reyes's

2

sentence is not excessive and that he did not timely submit his I.C.R. 35 motion. We hold that Reyes has failed to show his sentence is excessive. However, we agree with Reyes that the district court erred in failing to consider whether his I.C.R. 35 motion was timely based on the mailbox rule.

## A.     Sentence Review

Reyes argues that his sentence is excessive. Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

## B.     Idaho Criminal Rule 35

Reyes asserts the district court erred in dismissing his I.C.R. 35 motion as untimely without considering the applicability of the mailbox rule based on the date he submitted his motion to prison authorities for mailing.

Idaho Criminal Rule 35(b) requires a motion to reduce a sentence to be filed "within 120 days of the entry of the judgment imposing sentence or order releasing retained jurisdiction." The 120-day window to file a motion under I.C.R. 35(b) is a jurisdictional limit on the district court's ability to consider the motion. *Rose*, 173 Idaho at 657, 546 P.3d at 669. Normally, a document is

considered filed as of the date reflected on the file-stamp affixed by the district court. *See* I.A.R. 14; I.A.R. 20. However, Idaho courts have recognized that there is an exception to that rule for pro se inmates because they cannot entirely control when their documents are mailed or delivered to the court clerk because they do not have direct access to the postal service and must rely on prison officials to do the actual mailing. *Hayes v. State*, 143 Idaho 88, 90-91, 137 P.3d 475, 477-78 (Ct. App. 2006). Our courts therefore follow the "mailbox rule" under which pro se inmates' documents are considered filed when they are delivered to prison authorities for the purpose of mailing to the court clerk. *Id.* Even where the district court does not receive the motion or receives the motion beyond the deadline from the pro se inmate, the mailbox rule can still apply if the pro se inmate produces sufficient evidence on appeal that the motion was given to prison authorities prior to the filing deadline. *Munson v. State*, 128 Idaho 639, 642-43, 917 P.2d 796, 799-800 (1996); *Hayes*, 143 Idaho at 90-91, 137 P.3d at 477-78; *State v. Lee*, 117 Idaho 203, 204-05, 786 P.2d 594, 595-96 (Ct. App. 1990).

The district court entered Reyes's judgment of conviction on October 29, 2024. Therefore, the 120-day window to file an I.C.R. 35 motion expired February 26, 2025. All of Reyes's certified and uncertified motions and documents were submitted to prison authorities on February 17, 2025, and February 25, 2025. The motions and documents were sent in a single envelope post-marked from the prison on February 27, 2025. The envelope was file-stamped by the Ada County Clerk on March 3, 2025. Without applying the mailbox rule, the district court held that Reyes's I.C.R. 35 motion was untimely, using March 3, 2025, as the filing date, which exceeded the 120-day filing deadline. If the mailbox rule is applied, however, Reyes's I.C.R. 35 motion would be deemed filed on February 17, 2025, when he delivered the motion to prison authorities for mailing.

The State acknowledges that Reyes's I.C.R. 35 motion was provided to prison authorities on February 17, 2025, but argues that the mailbox rule is inapplicable because the certificate of mailing lists the prosecuting attorney rather than the district court. However, this misconstrues the rule. The certificate of mailing serves as evidence of Reyes's delivery of the forms to prison authorities for mailing and provides notice to all other parties. The form includes preprinted text that indicates Reyes "delivered to prison authorities for the purpose of mailing a true and correct copy of each motion via the prison mail system for processing to the U.S. mail system." Each of the certificates of mailing for the motions includes Reyes's handwritten signature, date, address of

4

the district court, and name of the prosecutor. Furthermore, on February 25, 2025, Reyes submitted a handwritten uncertified motion for an extension of time related to his I.C.R. 35 motion and a handwritten uncertified motion for appearance. Both motions were addressed to the district court. As noted, all of these items were mailed in a single envelope post-marked from the prison on February 27, 2025. Although not mailed until February 27, they were provided to prison authorities before the February 26, 2025, deadline applicable to Reyes's I.C.R. 35 motion. Such information constitutes ample evidence in the record that Reyes timely presented his documents to prison officials for mailing for purposes of the prison mailbox rule.

Based on this record, we are unpersuaded that Reyes's I.C.R. 35 motion was untimely simply because one of the certificates of mailing listed the prosecutor rather than the district court. Reyes's I.C.R. 35 motion was mailed to the district court along with his other documents in an envelope that the clerk of the district court file-stamped as received on March 3, 2025. Application of the mailbox rule in these circumstances shows Reyes's I.C.R. 35 motion was timely filed. We, therefore, remand this case for further proceedings on Reyes's I.C.R. 35 motion.

## IV.

## CONCLUSION

Reyes has failed to show his sentence is excessive. However, Reyes has shown the district court erred in dismissing his I.C.R. 35 motion as untimely because application of the mailbox rule shows the motion was timely delivered to prison authorities for mailing. Reyes's judgment of conviction and sentence are affirmed, but the district court's order dismissing Reyes's I.C.R. 35 motion is reversed and the case is remanded for further proceedings consistent with this opinion.

Chief Judge TRIBE and Judge FLEMING, **CONCUR**.